UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK STEVENSON, #435326,

               Plaintiff,

                                         CASE NO. 2:16-CV-11822
v.                                  HONORABLE PAUL D. BORMAN

SHAWN BREWER, et al.,

               Defendants.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.  INTRODUCTION

      This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983.  Michigan prisoner Derrick Stevenson ("Plaintiff"), confined at the Cotton Correctional Facility in Jackson, Michigan, asserts that his Eighth Amendment rights were violated when a corrections officer pulled a pillow from under his head while he was sleeping during a tornado drill which caused him to hit his head on a pole and experience pain, headaches, and blurred vision.  He names the corrections officer and the warden at the prison as the defendants in this action and seeks monetary damages and injunctive relief.  Plaintiff has been granted leave to proceed without prepayment of the fees for this action.  *See* 28 U.S.C. § 1915(a)(1).

### II.  DISCUSSION

      Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it

determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions.  *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).  A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Despite this liberal pleading standard, the Court finds that the civil rights complaint is subject to summary dismissal.

A prisoner raising an Eighth Amendment claim for inhumane conditions of confinement must meet objective and subjective requirements in order to establish a constitutional violation.  *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  First, the failure to protect from risk of harm must be objectively "sufficiently serious."  *Id.*  To meet this requirement, the prisoner must show that he is incarcerated under conditions posing a "substantial risk of serious harm."  *Id.*  Second, the prisoner must allege "more than ordinary lack of due care" for his safety.  *Id.* at 835.  The prisoner must show that the prison official acted with "deliberate indifference" to a substantial risk of harm.  The prisoner must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference."  *Id.* at 837.

Plaintiff fails to allege facts sufficient to state such an Eighth Amendment claim. First, pulling a pillow from under a prisoner's head while he is sleeping does not ordinarily pose a substantial risk of serious harm.  Second, while Plaintiff asserts that the

corrections officer "intentionally" pulled the pillow out from under his head, he offers no facts to show that the corrections officer intended to harm him or knowingly disregarded an excessive risk to his safety. Accidents, mistakes, and other types of negligence are not constitutional violations merely because the victim is a prisoner. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Rather, what is required is a conscious disregard of a substantial risk of harm. *Farmer*, 511 U.S. at 839. Plaintiff makes no such showing. At best, he alleges facts to show that the corrections officer was negligent, which fails to state a claim under 42 U.S.C. § 1983. *Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-28 (1992); *see also Daniels v. Williams*, 474 U.S. 327, 328 (1986) (due process clause is not implicated by a negligent act). Plaintiff's complaint against the defendants must therefore be dismissed.

Additionally, the complaint against the warden must be also be dismissed because Plaintiff fails to allege facts demonstrating the personal involvement of the warden in the events giving rise to the complaint. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so with respect to the warden. Any assertion that the warden failed to supervise an employee, should be vicariously liable for an employee's conduct, erred in denying grievances, and/or did not

4

properly respond to the situation is insufficient to state a claim under 42 U.S.C. § 1983.

*See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001).  Plaintiff also fails to allege facts showing that any injury he suffered is the result of any policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims).  The complaint must therefore be dismissed.

### III.  CONCLUSION

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted in his pleadings.  Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint.  The Court also concludes that an appeal from this order cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 16, 2016

5

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 16, 2016.

s/Deborah Tofil
Case Manager